UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES PARRISH HADDOX, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23CV460-PPS/JEM |
| AMY RICHISON, | |
| Defendant. | |

OPINION AND ORDER

James Parrish Haddox, a prisoner without a lawyer, filed a complaint suing a State Magistrate Judge for denying his "Motion for Ineffective Assistance of Counsel." ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Haddox alleges that Huntington County Magistrate Judge Amy Richison denied his motion asserting his criminal defense attorney was not properly representing him and prevented him from representing himself on May 8, 2023. The State court docket shows that Magistrate Judge Richison "heard arguments on the pro se correspondence filed by the Defendant requesting a new public defender and found the

Defendant'[s] basis for the request unsupported [and] the request was denied" on May 22, 2023. *See* Case Summary for *State v. Haddox*, 35C01-2302-F5-35 (Huntington Circuit Court filed February 6, 2023), available at https://public.courts.in.gov/mycase. Either way, Magistrate Judge Richison has judicial immunity.

"A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (emphasis added). In Indiana, "a magistrate has the same powers as a judge" except the power of judicial mandate. Indiana Code 33-23-5-8 and 33-23-5-8.5. A judicial mandate is only issued in a special proceeding "prosecuted against any inferior tribunal, corporation, public or corporate officer, or person to compel the performance of any: (1) act that the law specifically requires; or (2) duty resulting from any office, trust, or station." Indiana Code 34-27-3-1. Haddox's criminal case was not such a special proceeding and Magistrate Judge Richison's ruling on his motion was not a judicial mandate. Magistrate Judge Richison had absolute judicial immunity for the ruling at issue in this case. *Cf. Stephens v. Hart*, 198 N.E.3d 376, 383-84 (Ind. Ct. App. 2022) ("Stephens' claims against Magistrate Hart were subject to dismissal based on absolute judicial immunity . . ..").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here.

    ACCORDINGLY:

    This case is DISMISSED under 28 U.S.C. § 1915A.

    SO ORDERED on November 16, 2023.

                                          /s/ Philip P. Simon
                                          JUDGE
                                          UNITED STATES DISTRICT COURT